UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACQUELINE TATE,**<br>        Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2173** |
| **LOUISIANA-1 GAMING, ET AL.,**<br>        Defendants | **SECTION: "E" (2)** |

# ORDER

Before the Court is a sworn affidavit signed by Plaintiff Jacqueline Tate ("Plaintiff").[1] In her affidavit, Plaintiff (1) stipulates "that it is a legal certainty the amount in controversy in" this "case does not exceed $75,000.00, exclusive of interest and costs"; (2) waives "any damages recovered in state court that exceed $75,000.00, exclusive of interest and costs"; and (3) agrees "not to seek, enforce, or collect a judgment in which more than $75,000.00, exclusive of interest and costs, is awarded."[2]

In Defendants Louisiana-I Gaming and Pinnacle Entertainment, Inc.'s (collectively, "Defendants") notice of removal, they assert that this Court has diversity jurisdiction over Plaintiff's action.[3] Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[4] Therefore, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[5] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

---

[1] R. Doc. 9.
[2] *Id.*
[3] R. Doc. 1 at p. 4.
[4] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[5] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

1

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[6]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[7] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[8]

Because Plaintiff stipulates that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, the Court does not have diversity jurisdiction over this action.[9] Defendants have not identified any other basis for this Court's jurisdiction over this action.

Accordingly;

**IT IS ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Jefferson.

**New Orleans, Louisiana, on this 18th day of March, 2025.**

                                          **SUSIE MORGAN**
                                   **UNITED STATES DISTRICT JUDGE**

---

[6] 28 U.S.C. § 1441(a).
[7] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[8] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[9] *Id.*; R. Doc. 9.